UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL BUREAU OF INVESTIGATION and SEAVON PIERCE,<br><br>            Petitioners,<br><br>    v.<br><br>JEFFREY BEARD, ROBERT A. BARTON, and OFFICE OF INTERNAL AFFAIRS DIRECTOR,<br><br>            Respondents. | No. 1:16-cv-00493-DAD-SKO  HC<br><br>**FINDINGS AND RECOMMENDATION THAT THE COURT DISMISS THE PETITION TO COMPEL FOR LACK OF JURISDICTION** |

Petitioner Seavon Pierce ("Pierce") is a state prisoner proceeding *pro se* with a petition to compel pursuant to 28 U.S.C. § 1361. Pierce alleges that the named Respondents Jeffrey Beard, Robert A. Barton, Federal Judicial Commission, and the Office of Internal Affairs Director, have interfered with Pierce's ability to communicate with his co-petitioner, the Federal Bureau of Investigation,[1] and have violated both Petitioners' First Amendment rights of "freedom of speech, freedom of expression as correspondence, confidential correspondence, [and] the sending and receiving of mail to and from the petitioners."[2]  Doc. 1 at 2.  Pierce alleges that the named

---

[1] There is no indication in the petition that the Federal Bureau of Investigation is aware that Pierce has named it as a co-petitioner.

[2] The body of the petition also appears to contemplate multiple petitioners not named in the caption, including "the

1

Respondents have interfered with Pierce's legal mail and have impeded his access to the prison law library to pursue his already existing lawsuits. Pierce asks this Court to compel the named Respondents to enforce the laws, to deliver his mail, and to provide him with unspecified administrative remedies that Respondents have previously denied Petitioner.

## I.     No Subject Matter Jurisdiction for Petition to Compel

"The district courts shall have the original jurisdiction of any action in the nature of mandamus to compel an officer or an employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Pierce seeks to compel various actions by the named Respondents, none of which are *federal* officers, employees, or agencies. Section 1361 does not give the Court jurisdiction to compel *state* officers, employees, or agencies such as Respondents to perform any of the requested actions set forth in the above-captioned petition. *See Newton v. Poindexter*, 578 F.Supp. 277, 279 (E.D.Cal. 1984) (dismissing claims under § 1361 where the defendant was an officer or employee of the State of California, not of the United States). This means that the Court has no jurisdiction to address the merits of Pierce's petition to compel.

## II.     Conclusion and Recommendation

Accordingly, the undersigned RECOMMENDS that the Court dismiss the petition for lack of subject matter jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, Petitioner Pierce may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file

---

media; the press; attorney[]s; government/public officials; [and] the first petitioner listed [the Federal Bureau of Investigation], is also defined as the public, and as a separate party of interest." Doc. 1 at 2.

objections within the specified time may constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 3, 2016**                                  **/s/ Sheila K. Oberto**
                                                                    UNITED STATES MAGISTRATE JUDGE